1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2
3  THOMAS A. COLTHURST (CABN 99493)
   Chief, Criminal Division
4  ADAM BARKL (CABN 349601)
   Special Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        adam.barkl@usdoj.gov
8
9  Attorneys for United States of America

FILED

Aug 03 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

10                          UNITED STATES DISTRICT COURT
11                         NORTHERN DISTRICT OF CALIFORNIA
12                                  OAKLAND DIVISION

13  UNITED STATES OF AMERICA,            )  CASE NO. 4:23-MJ-71162 MAG
                                         )
14        Plaintiff,                     )  UNITED STATES' NOTICE OF MOTION
                                         )  AND MEMORANDUM OF POINTS AND
15     v.                                )  AUTHORITIES IN SUPPORT OF MOTION
                                         )  FOR PRETRIAL DETENTION
16  RUFUS ROGERS                         )
                                         )  Date:   Aug. 8, 2023 (Detention Hearing)
17        Defendant.                     )  Time:   10:30 a.m.
                                         )  Court:  Honorable Donna M. Ryu
18                                       )
                                         )
19                                       )
                                         )
20

21                                    **NOTICE OF MOTION**

22        TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

23        PLEASE TAKE NOTICE that at the time and place specified above, or as soon thereafter as the

24  matter may be heard, the United States will move and does hereby move this Court for entry of an order

25  detaining defendant Rufus Rogers pending trial.

26  //
27  //
28  //

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

The United States of America, by and through its counsel of record, hereby moves this Court for pretrial detention of defendant Rufus Rogers. The defendant is charged by criminal complaint with being a Felon in Possession of Ammunition, in violation of 18 U.S.C. § 922(g)(1). The government can demonstrate by clear and convincing evidence that the defendant is a danger to the community, and the defendant should be ordered detained pending trial.

The defendant was arrested by law enforcement on August 2, 2023, after engaging in a shooting next to a liquor store in Oakland on February 17, 2023. The defendant approached another male exiting the store and followed him around a corner and exchanged words with him, and then after the other male fired a shot into the air, defendant fired three rounds at him. The defendant has three felony convictions. One of those was a 2000 conviction for assault with a deadly weapon other than a firearm. The defendant also has a 2018 misdemeanor conviction for possession of a firearm without an ID mark. Furthermore, the defendant's home was searched at the time of his arrest, and law enforcement recovered five pistols (including an AR style privately manufactured firearm), several hundred rounds of ammunition, several firearm magazines and other firearm tools and accessories, and clothing similar to those worn by the defendant during the February 17, 2023 shooting. These facts demonstrate clearly that the defendant is a danger to the community and thus should be detained pending trial.

II. **BACKGROUND**

a. **Defendant's Criminal History**

The defendant is 44 years old. His criminal history includes a 2009 conviction for possession with intent to distribute a controlled substance, for which he was sentenced to 108 months in jail. In addition, he has two convictions associated with weapon use and/or possession. The defendant has a 2000 felony conviction for assault with a deadly weapon or instrument other than a firearm, for which he was sentenced to 36 months in jail; and a 2018 misdemeanor conviction for possession of a firearm without identification marks.

b. **The Current Offense and Search of Defendant's Residence**

The defendant is charged for possession of ammunition in connection with a shootout in Oakland

on February 17, 2023.  Surveillance video obtained by law enforcement shows the defendant at that time approaching another male as the male left a liquor store and proceeded around the corner down a street running parallel to the store.  Video shows the defendant with a firearm already drawn and held between both hands as he approached the other male leaving the liquor store and followed him around the corner.  After the defendant followed the other male around the corner, the two men engaged in a verbal altercation, before the other male fired a round into the air and the defendant pointed his firearm into the other male's direction and fired three times.

At the time of the defendant's arrest, law enforcement agents searched his residence pursuant to a warrant.  They located five pistols, including an AR style privately manufactured firearm, several hundred rounds of ammunition, several firearm magazines, other firearm tools and accessories, and clothing similar to the clothing the defendant wore during the February 17, 2023 shooting.

### III.    ARGUMENT

#### a. Legal Standard

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f)(2)(B).  "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*.  Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met:  (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or

alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### b. The defendant is a danger to the community and Section 3142(G) factors weigh in favor of detention.

#### i. Nature and circumstance of the offense

The defendant is charged pursuant to United States Code Section 922(g)(1), Felon in Possession of Ammunition. The maximum penalty for this offense is 15 years imprisonment, amongst other consequences. Considering the danger associated with firearms generally, section 922(g) is an inherently dangerous offense. But here, the defendant was arrested for not only possession of ammunition, but arrest in connection to a shooting. The circumstances of his offense were therefore extremely dangerous.

#### ii. Defendant's history and characteristics

As detailed above, this is not the defendant's first offense related to a firearm or a dangerous weapon. He has two already, one of them a serious felony conviction that brought him significant jail time. Furthermore, the defendant's predilection for firearms is demonstrated by what was found at this residence on August 2, 2023. Not just one firearm was located, but five, along with hundreds of rounds of ammunition. These facts clearly demonstrate the defendant's willingness to engage in serious, dangerous criminal activity.

#### iii. Nature and seriousness of the danger to the community

Defendant's danger to the community is serious. He was involved in a shooting in which he approached another person and fired three rounds at them. And the items found at the defendant's residence—including five guns and hundreds of rounds of ammunition—clearly suggest a willingness to either use firearms again or distribute them to the community.

//

//

//

### iv. Weight of the evidence

The weight of the evidence factor under section 3142(G) weighs in favor of the government. Video surveillance evidence captured the defendant's crime. Similar clothes to that that the defendant was seen in at the time of the shooting were located at his residence.

### c. No conditions of pretrial release can guarantee the safety of the community at large.

The defendant has demonstrated a repeated willingness to possess firearms and use dangerous weapons despite his history of convictions and times on supervised release. For the most recent offense, the defendant appears to be only recently released from supervise release and had stockpiled hundreds of rounds of ammunition and several firearms at his residence. This demonstrates that the defendant is not interested in remaining lawful.

## IV. CONCLUSION

For the foregoing reasons, the Court should grant the government's motion to detain the defendant pending trial.

DATED: August 3, 2023                                  Respectfully submitted,

                                                       ISMAIL J. RAMSEY S
                                                       United States Attorney

                                                       */s/ Adam Barkl*
                                                       ADAM BARKL
                                                       Special Assistant United States Attorney