ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

JILLIAN HARVEY (CABN 319711)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Jillian.harvey@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br>   v. <br> RUFUS ROGERS, <br>     Defendant. | CASE NO. 23-CR-00249 HSG <br><br> **UNITED STATES' SENTENCING MEMORANDUM** <br><br> Date: December 13, 2024 <br> Time: 2:00 p.m. <br> Court: Hon. Haywood S. Gilliam, Jr. |

    Defendant Rufus Rogers is set to be sentenced following his guilty plea to both counts of the felony Indictment, Felon in Possession of a Firearm and Felon in Possession of Ammunition. The United States files this Sentencing Memorandum in support of its recommendation that the Court sentence the defendant to a term of imprisonment of 77 months followed by three years of supervised release, forfeiture of the firearms and ammunition involved in the offense, and payment of a $200 special assessment fee.

I.    **PROCEDURAL AND FACTUAL BACKGROUND**

    A.    **The February 17, 2023 Shooting**

    On February 17, 2023, OPD officers were dispatched to 1096 60th St. (the corner of 60th St. and San Pablo Ave.) in Oakland, after a SpotShotter activation of five gunshot rounds. PSR ¶ 6. At the

scene, officers located one .40 S&W "PWC" spent casing and three 5.7x28mm "FNB" spent casings on the sidewalk. PSR ¶ 6. They obtained surveillance footage from a store on the corner that shows Mr. Rogers approach and engage with another suspect who is walking down 60th. PSR ¶ 7. The two appear to have a verbal altercation before the other suspect can be heard discharging two rounds from a firearm. *Id*. The footage then shows Mr. Rogers pointing a firearm in the direction of the other suspect and firing three rounds. *Id*. Mr. Rogers then puts the firearm into his jacket and leaves the scene. *Id*.

Following an examination of the ammunition recovered, namely the three rounds of FNB 5.7x28mm caliber ammunition fired by Mr. Rogers, officers determined that it was not manufactured in the state of California. *Id*. ¶ 9.

### B. The August 2, 2023 Search

On August 2, 2023, ATF executed a search warrant at Mr. Rogers' residence. *Id*. ¶ 10. During the search, officers recovered the following items:

- One Smith and Wesson, Bodyguard, .380 caliber bearing serial number EBZ4960;
- One Smith and Wesson, M&P Shield, .40 caliber bearing serial number HUA1208;
- One Glock, 30Gen4, .45 Auto bearing serial number BUSW887;
- One CZ, CZ75 P-01, 9mm bearing serial number C553321;
- Two handgun/AR Style, Privately Made Firearms
- Several hundred rounds of ammunition
- Several firearm magazines
- Firearm tools and accessories
- Clothing similar to what he wore during the February 17, 2023 shooting. *Id*.



### C. Defendant's Prior Felony Convictions

As outlined in greater detail in the Presentence Investigation Report, Mr. Rogers has three prior felony convictions, including 1) assault with a deadly weapon or instrument other than a firearm from 2000, 2) possession of cocaine base for sale from 2004, and 3) possession with intent to distribute a controlled substance from 2009. PSR ¶¶ 34-6.

## II. PLEA AGREEMENT AND ADVISORY GUIDELINES

Pursuant to the parties' Plea Agreement, Mr. Rogers plead guilty to one count of felon in possession of ammunition and one count of felon in possession of a firearm. Dkt No. 59 ¶ 1. The parties calculated the Total Offense Level as follows:

Count One

| | | |
|---|---|---:|
| a. | Base Offense Level, U.S.S.G. §2K2.1(a)(2): | 24 |
| b. | Specific offense characteristics under U.S.S.G. Ch. 2 §2K2.1(b)(6)(B) (used ammunition in connection with another felony offense) | + 4 |
| c. | Adjusted Offense Level: | 28 |

Count Two

| | | |
|---|---|---:|
| d. | Base Offense Level, U.S.S.G. §2K2.1(a)(2): | 24 |
| e. | Specific offense characteristics under U.S.S.G. Ch. 2 §2K2.1(b)(1)(A) (offense involved three to seven firearms) | + 2 |
| f. | Adjusted Offense Level: | 26 |

Grouping

| | | |
|---|---|---:|
| | Counts One and Two group together as closely related counts. *See* § 3D1.2(d). | 28 |
| g. | Acceptance of Responsibility: | - 3 |
| h. | Total Offense Level: | 25 |

*Id*. at ¶ 7.

The U.S. Probation Office disagrees with the parties' calculated offense level[1]. However, the government agreed to the offense level as set forth in the plea agreement. As such, the government's sentencing recommendation is based on the total offense level of 25.

While the parties did not reach an agreement regarding the Criminal History Category, the government agrees with U.S. Probation that Mr. Rogers falls into Criminal History Category III. The defense did not object to any portion of the PSR, let alone the CHC.

Given the offense level is 25 and CHC is III, the United States Sentencing Guidelines recommended range is 70 to 87 months in custody. Furthermore, the government agreed to recommend a sentence no higher than mid-range. As such, the government's recommendation is based on a range of 70 to 78 months.

### III.    SENTENCING RECOMMENDATION AND DISCUSSION

The guidelines range already considers Mr. Rogers' possession of firearms and ammunition, the number of firearms in his possession, his criminal history and his acceptance of responsibility. In determining the appropriate sentence within that range, section 3553(a) directs courts to consider a number of factors. The key factors for the Court to consider here are the nature and circumstances of the offense and the history and characteristics of the defendant, the need to afford adequate deterrence to criminal conduct, and the need to protect the public from further crimes of the defendant. *See* 18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(C).

The nature and circumstances of the offense here are extremely serious. Mr. Rogers did not just possess firearms. He pointed his firearm at another person and fired three rounds. He also did not just possess one round of ammunition. He possessed several hundred rounds of ammunition. A low range sentence would not address the severity of the conduct and ultimately, it would send the wrong message. Accordingly, a mid-range sentence of 77 months is warranted.

This is also not Mr. Rogers' first felony or his first federal offense. In 2009, he was sentenced in the Northern District of California to 108 months custody for possession with intent to distribute a controlled substance and served approximately 87 months. Thereafter, the Court revoked his supervised

---

[1] The government acknowledges that the U.S. Probation Office appears to be correct in calculating the total offense level.

release after he admitted to possessing heroin. He was sentenced to another 6 months in custody and 36 months of supervised release. Mr. Rogers' previous custodial sentences and term of supervised release did not deter him from further criminal conduct. Furthermore, Mr. Rogers' criminal history coupled with the offense conduct make him a clear danger to the community.

The government recognizes and appreciates that Mr. Rogers has had an extremely difficult childhood and history of substance abuse. Nonetheless, the above factors weigh in favor of a mid-range sentence.

Once Mr. Rogers is released from custody, an ensuing three-year term of federal supervision will give the Court greater assurance that he will follow the law upon his re-entry into the community. This length of supervised release will give Mr. Rogers ample time to rehabilitate and incentivize him to be a law-abiding citizen.

### IV.    CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court sentence the defendant to a term of imprisonment of 77 months, followed by three years of supervised release, a $200 special assessment, and forfeiture of the involved firearms and ammunition.

DATED: December 4, 2024

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

 /s/  Jillian Harvey
JILLIAN HARVEY
Assistant United States Attorney