**Robert D. Byers Bar No. 159871**
420 3rd Street, Suite 250
Oakland, California 94607
Tel No. (510) 465-4000
Facsimile: (510) 842-1999
RobertByers@BayAreaJustice.com

Attorney for *Defendant Rogers*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: CR 23–00249 HSG |
| Plaintiff, | |
| v. | **Court:** Courtroom 2, 4th Floor |
| RUFUS ROGERS, | **Hearing Date:** December 13, 2024 |
| Defendant. | **Hearing Time:** 2:00 p.m. |

Rufus Rogers, a repeat offender, comes before the Court for sentencing in the present matter. What makes this sentencing different from his prior sentencings is that Mr. Rogers finally has achieved the means and motivation to avoid future criminal conduct. While incarcerated in Santa Rita Jail for this offence, Mr. Rogers completed the SRJ Laborer's Vocational Program—a program which instructor Lauro Perez states that in 7 the years of this program "not a single man that has gone thru my program has returned to be incarcerated." [1] With the encouragement of his teachers from his program, Mr. Rufus gave up Suboxone and methadone while in Santa Rita.[2] For the first time in his life, Mr. Rogers has the means and motivation to maintain a crime-free and sober lifestyle.

---

[1] Attached as Exhibit A is a true copy of Lauro Perez's letter.
[2] Mr. Rogers was on methadone during his last grant of supervised release.

SENTENCING MEMO ON BEHALF OF
*ROGERS*, CR 23–00249 HSG

1

It is Mr. Roger's hope that the Court honors the investment Mr. Rogers has made to his future during his current incarceration.

1. **BACKGROUND**

Mr. Rogers' life trajectory, tragically, not uncommon, involves a childhood where his parents abused drugs, his eventual entry into the drug trade, and an adulthood degraded by incarceration and drug use. ¶¶56, 35, 36, 71-74. Prior to this offense, Mr. Rogers had no vocational training and had limited work history. ¶¶ 75, 77-79.

**The Nature and Circumstances of the Offense.**

The defense adopts the Offense Conduct described in PSR ¶¶ 5-11. Noteworthy in this description is the point during which Mr. Rogers fired his weapon:

> Suspect 1 discharged his handgun into the air. Rogers immediately pointed his firearm in the direction of Suspect 1 and fired approximately three rounds. PSR ¶7.

This context of Mr. Roger's firing his weapon, certainly establishes provocation, and a colorable claim of self-defense. Neither provocation nor a colorable claim of self-defense are addressed in the Guidelines in this specific context. As such, it is doubtful that the awarding a 4-level increase in PSR ¶ 19 is equally justifiable without respect to provocation or a colorable claim of self-defense—especially given that that the concurrent felony alleged is assault with a deadly weapon. PSR ¶ 19.

Also, it is worth noting the one of Mr. Roger's prior drug convictions which bumps up his base level offense from level 20 to a level 24 is Alameda County Superior Court, Docket No. 147008A, a 2004 drug case involving the sale of crack cocaine. ¶¶ 17, 35.

**PLEA AGREEMENT AND GUIDELINE OFFENSE LEVEL**

In general, the defense agrees with the Government's math in calculating a Total Offense Levels for Count One and Two. **USA Sentencing Memo p. 3**. However, as previously stated, the Guidelines do not adequately address the 4-level increase for the concurrent felony offense, i.e., assault with a deadly weapon in the context of provocation and/or colorable self-defense. One way to resolve this problem is to assigned a +2 level increase for the concurrent felony which coincidently would coincide with the +2 level increase of Count Two for multiple guns. In this manner both Count One and Count Two would have an Adjusted Offense Levels of 26, leaving a Total Offense Level of 23

SENTENCING MEMO ON BEHALF OF
*ROGERS*, CR 23–00249 HSG

2

1  after the Acceptance of Responsibility. Furthermore, under either Count U.S.S.G. §2K2.1(a)(4)(A),
2  adds a +4 Base Offense Level because of the 2004 Alameda County prior. PSR ¶ 17. Without the
3  inclusion of this 20-year-old prior, Mr. Rogers would have a Total Offense Level of 19.

4  **Criminal History**

5  Mr. Roger's oldest prior which contributed to his criminal history category occurred almost 20
6  years ago and barely meets the 15-year window for inclusion because of a parole violation.  PRS ¶35.
7  While technically meeting the criteria for inclusion, the staleness of the prior diminishes its
8  persuasiveness. In contrast, Mr. Roger's most recent prior is from 2008 but included bouts of
9  incarceration within about 3 years prior to the current offense. PSR ¶ 36. If the older prior is omitted
10 from Mr. Rogers' criminal history, he would be in Criminal History Category II, instead of III.

11 **Mr. Roger's Conduct While Incarcerated**

12 Mr. Rogers has been incarcerated in Santa Rita Jail since August 2, 2023. During this time he
13 has completed the SRJ Laborers' Vocational Program, completed 25 certifications from the Laborer's
14 Community Service and Training Foundation and the Laborers' Training and Retraining Trust Fund
15 For Northern California.[3] He completed certification for First Aid, Adult CPR & AED and completed
16 courses in Legal Studies and Black History. Additionally, since April 20, 2024, Mr. Rogers has been a
17 volunteer Kitchen Inmate Worker at Santa Rita Jail, and once volunteered to speak with visiting youth
18 from the Youth Education Program for the purpose of helping kids make better choices.[4]

19 Mr. Rogers' most rewarding experience was participating in the Laborers' Training Retraining
20 Program. He learned marketable skills, obtained certifications, and developed greater self-esteem. At
21 his instructors' urging, and out of the safety considerations of operating potentially dangerous
22 machinery, Mr. Rogers chose to not pursue methadone and to quit Suboxone. It was a painful process,
23 but he felt compelled to do it. He stuck to his program and graduated. Although he completed the
24 program he still participates in it on a daily basis. He feels he has a realistic path to meaningful
25 employment with union membership and benefits.  This vocational program his given him a sense of
26 purpose that he never really had before. Mr. Rogers was shown on a local news channel KTVU as a

---

[3] A true copy of Mr. Rogers' certifications are attached as Exhibit B.
[4] Deputy Boyington's letter is attached as Exhibit C.

SENTENCING MEMO ON BEHALF OF
*ROGERS*, CR 23–00249 HSG

3

participant in this program:[5]



Mr. Roger's efforts have earned him union membership, his membership dues will be paid when he is released, and his hand tools will be paid for.[6]

2. SENTENCING DSICUSSION AND RECOMMENDATION

As indicated above, a Total Offense Level under these facts, omitting the 20-year-old Alameda County prior, is justly reflected at Level 19. Mr. Rogers' Criminal History Category is more fairly represented at Level II due to the stale nature of his 2004 Alameda County prior. Under this scenario, the indicated Guideline sentencing range would be from 33 to 41 months imprisonment. Furthermore, this sentencing range is warranted by 18 USC §3553(a) given Mr. Rogers' exceptional rehabilitation during the past 16 months of his incarceration.

---

[5] Screenshot from KTVU website: https://www.ktvu.com/video/1453530. Mr. Rogers is the man centered in the frame.
[6] Lauro Perez, Instructor, explains the benefits of the vocational training in Exhibit A.

Simply put, Mr. Rogers has accomplished more in the past 16 months to further his education, work experience, and sobriety than he has done in his entire life. On a purely objective scale, Mr. Rogers has grown more than he ever has before. He has proven his dedication to the Laborers' Training Retraining Program, he volunteers as a Kitchen Inmate Worker, has participated with the Youth Education Program, and has freed himself of methadone and Suboxone.

The essence of 18 USC §3553(a) is that the Court must a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Specifically, the Court should consider:

> (2) the need for the sentence imposed-
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.
> (B) to afford adequate deterrence to criminal conduct.
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

A casual review of Mr. Rogers' reveals that he has never had the tools to lift himself out of the tragic circumstances of his upbringing. He does now. A sentence consistent with 18 USC §3553(a) should reinforce the values that Mr. Rogers has learned to respect—after all it was the while incarcerated that he learned them. What more respect for the law can someone have when it is the law that gave him self-respect and a career path? I don't think that we, as a society, have reached the point where we are cynical of the self-transformation--Because if we were, why would we offer any such vocational programs or treatment options for inmates? Furthermore, with respect to Mr. Rogers, continued and prolonged incarceration will threaten to erode the skills, and self-esteem that we so carefully and thoughtfully engendered with the opportunities that were provided to him during the past 16 months of his incarceration. Indeed, based on his previous incarcerations, it is difficult to imagine another period of incarceration that would benefit Mr. Rogers or protect the community more than the effect of Mr. Roger's most recent 16 months in Santa Rita.

//

### 3. CONCLUSION

For the reasons described above, Mr. Rogers respectfully requests that the Court impose a sentence of no more than 33 months imprisonment, consistent with Total Offense Level of 19, and a Criminal History Category II. Such a sentence is sufficient but not greater than necessary to achieve the 18 U.S.C. § 3553(a) sentencing goals. Such an interpretation of the 18 U.S.C. § 3553(a) sentencing goals are consistent with the extraordinary rehabilitation described in U.S.S.G § 5K2.0. Mr. Rogers, in the past 16 months, has accomplished more than he has in decades of incarceration and freedom. Because his accomplishments, personal and professional, would be jeopardized by excessive, non-productive imprisonment, it is respectfully requested that the Court impose a sentence of no greater than 33 months.

Dated:   December 5, 2024                           Respectfully submitted,


                                                    /s/
                                                    ROBERT D. BYERS
                                                    Attorney for Rufus Rogers